## Commonwealth v. Bordley

*Kenneth E. Kendell, deputy attorney general,* for the commonwealth.

*Kyle A. Burch,* for defendant.

BLOOM, J., March 5, 1987 — Currently before the court is a unique question of law concerning a refusal to take a blood test.

The facts are not in dispute and can best be summarized as follows:

(1) Appellant is a 17 year old minor who was stopped for driving under the influence of alcohol.

(2) The police officer took appellant to Sacred Heart Hospital where he requested appellant to submit to a blood test.

(3) Appellant agreed to submit to the test; however, before the test could be conducted, appellant's parents arrived at the hospital and refused permission for the test.

(4) No test was conducted at Sacred Heart Hospital.

(5) After appellant left Sacred Heart Hospital his parents took him to Crozer-Chester Medical Center for a blood test.

(6) No reason was given for the testing being done at Crozer-Chester Medical Center.

(7) A copy of appellant's blood test was given to the police.

(8) The police used the blood test results in the juvenile court proceedings.

(9) The police filed an affidavit with the Department of Transportation alleging that appellant failed to submit to a blood test pursuant to 1547 of the Vehicle Code.

Accordingly, the issue before the court is whether or not the appellant met the criteria of 75 Pa. C.S. §1547. 75 Pa. C.S. §1547 is commonly referred to as the implied consent law. Under this section any person who operates a motor vehicle shall be deemed to have given consent to one or more chemical tests of blood, breath or urine. Our research has uncovered no appellate cases which address this issue. We are aware that this statute allows the accused an opportunity to go to his own physician and take a test. Nothing in the law can be read to authorize the personal physician or hospital test to be taken in lieu of the test required by the police.

Were appellant able to justify the blood sample being taken at the second hospital, we might feel differently. However, we see no reason that appellant refused to submit to the testing in front of the police and we so hold that this constitutes a refusal.

Of utmost importance in our holding is the idea that the police did not have an opportunity to see the blood drawn and to hold otherwise might well open the door to fraud as the court would have no knowledge of the identity of the person who submitted themselves for testing.

For all of the above reasons, we enter the following

## ORDER

And now, this March 5, 1987, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

(1) The appeal is denied.

(2) The order of the Secretary of Transportation suspending appellant's driving privileges for a period of 12 months is reinstated.